**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY ALLEN, Individually and on behalf of other similarly situated individual Chicago Police Sergeants, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 10-CV-03183 |
| vs. | ) ) | |
| CITY OF CHICAGO, | ) ) | |
| Defendant. | ) | |

## COMPLAINT

1.     This is a collective action brought by a Chicago Police Sergeant on behalf of himself and other similarly situated members of the Chicago Police Department for purposes of obtaining relief under the federal Fair Labor Standards Act of 1938 as amended, 29 U.S.C. §201, *et. seq.* (hereinafter "FLSA") for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.     Defendant has willfully violated the FLSA by intentionally failing and refusing to pay Plaintiff and other similarly situated employees all compensation due them under the FLSA and its implementing regulations over the course of the last three years. Defendant administered an unlawful compensation system that failed to provide hourly compensation and premium overtime compensation to employees that work overtime hours "off the clock." Plaintiff and similarly situated employees were issued personal data assistants ("PDA's"), such as BlackBerry devices, that they are required to use outside their normal working hours without receiving any

compensation for such hours. Defendant's deliberate failure to compensate its Chicago Police

Department employees for these hours worked violates federal law as set forth in FSLA.

## JURISDICTION

3.      Jurisdiction over this action is conferred on this Court by 29 U.S.C. §216(b) and,

28 U.S.C. §§1331 and 1337.

4.      Declaratory relief is authorized under 28 U.S.C. §§2201 and 2202.

5.      This court is the proper venue pursuant to 28 U.S.C. §1391(b).

## PARTIES

6.      The individual Plaintiff is an employee of Defendant, within the meaning of

FLSA §203(e). As shown by the written consent of Plaintiff attached to this complaint, Plaintiff

has consented to become a member of this action pursuant to 29 U.S.C. §216(b). See attachment.

Plaintiff is an adult resident citizen of the Northern District of Illinois employed as a Sergeant of

Police by the Chicago Police Department.

7.      The Defendant, City of Chicago, is a municipal corporation organized and

existing under the laws of the State of Illinois. The Defendant is, and at all relevant times has

been, the employer of Plaintiff. The Chicago Police Department is the operating law enforcement

agency of the City of Chicago.

8.      The Defendant, City of Chicago, is an employer within the meaning of 29 U.S.C.

§203(d).

## BACKGROUND

9.      On February 19, 1985, the Supreme Court held in Garcia v. San Antonio

Metropolitan Transit Authority, 105 S. Ct. 1005 (1985), that the FLSA applies to state and local

employees. On November 13, 1985, the FLSA Amendments of 1985, (Public Law 99-150) was

enacted. The FLSA Amendments of 1985 adjusted the provisions of the Act specifically to the concerns of public employees. Under the 1985 Amendments, liability for compliance with the FLSA became applicable to the Chicago Police Department on April 15, 1986.

### FACTS OF THE FLSA CLAIM

10.     Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include: Collective Class: All Police Department members who are or have been employed by the Chicago Police Department in any rank as non-exempt FLSA personnel who worked "off the clock" using Police Department issued PDA's or other electronic communication devices without receiving compensation for each hour worked, including overtime compensation, at any time within three years prior to this action's filing date through the final disposition of this case (hereinafter "Collective Class").

11.     Plaintiff and the Collective Class work or have worked within the past three years for the Chicago Police Department in their respective capacities as non-exempt FLSA employees.

12.     Plaintiff and the Collective Class were compensated on an hourly basis.

13.     The various collective bargaining agreements between the Chicago Police Department and the Plaintiff and Collective Class, at all relevant times provide for, among other things, compensation for every hour worked in excess of eight hours in any given day.

14.     Pursuant to FLSA 29 U.S.C. § 207(a)(1), Defendant violates FLSA overtime requirements by failing to provide compensation for Plaintiff, and those similarly situated, for employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

15.     Upon information and belief, Defendant knew that Plaintiff and the Collective Class performed work that required payment of wages and overtime compensation. Upon information and belief, Defendant has operated under a scheme to deprive these employees of the requisite compensation by failing to compensate Plaintiff and the Collective Class for all hours worked.

16.     Defendant provided Plaintiff, and those similarly situated, with PDA's requiring such employees to be on-call twenty-four (24) hours, seven (7) days a week so that they could access work related e-mails, voicemails, and text message work orders regardless of their location. Chicago Police Department work was routinely accomplished through the use of these PDAs. Plaintiff received numerous phone calls, e-mails and work orders while off the clock and was not compensated for the time spent receiving and responding to these communications. Oftentimes, Plaintiff received and was expected to respond to such communications throughout the night and into the early morning hours while off duty.

17.     The Chicago Police Department provides certain Department members with PDAs so as to make Plaintiff and the Collective Class available to answer and/or respond to incoming messages and/or phone calls within a very short time regardless of, and without receiving, compensation for the time spent doing so. Without these PDA's and the work routinely performed while off-duty, the Chicago Police Department would be far less successful in accomplishing its law enforcement mandate and goals.

18.     Defendant's conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

## RECORD KEEPING

19.     Defendant failed to keep appropriate records as required by the FLSA, with respect to the Plaintiff and Collective Class, sufficient to determine wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

20.     This Claim for Relief is properly brought under and maintained as an opt-in Collective Action pursuant to the FLSA, 29 U.S.C. § 216(b), by Plaintiff and on behalf of Collective Class employees of the Chicago Police Department.

21.     Upon information and belief, Plaintiff and the Collective Class are, and have been, similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to the Chicago Police Department decision, policy, plan, and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff stated herein are the same as those of the Collective Class.

22.     Plaintiff, individually and on behalf of other such similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, the Chicago Police Department's practice of failing to accurately record all hours worked and failing to pay employees for hours worked including overtime compensation.

23.     The Collective Class is readily ascertainable. For purpose of notice and other purposes related to this action, their names, phone numbers, and addresses are readily available

from the Chicago Police Department. Notice can be provided to the Collective Class via first class mail to the last address known to the Chicago Police Department and through electronic mail using the Chicago Police Department's electronic mail system and intranet capabilities.

### CAUSE OF ACTION

24.     The foregoing conduct of Defendant is in violation of the rights of Plaintiff under the Fair Labor Standards Act of 1938, as amended.

### RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A.      At the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former Chicago Police Department employees of this action and their rights to participate in this action. Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing said employees that it is illegal for the Chicago Police Department to take any actions in retaliation of their consent to join this action;

B.      Enter a declaratory judgment declaring that the Defendant has willfully, intentionally and wrongfully violated its statutory obligations and deprived the Plaintiff and all others similarly situated of their entitlement under the FLSA;

C.      Award each Plaintiff monetary damages in the form of overtime compensation and liquidated damages equal to their unpaid compensation and overtime compensation, plus interest;

D.      Award Plaintiffs their reasonable attorney's fees, costs and expenses, to be paid by Defendant; and

     E.      Grant such other relief as may be just and proper.

Respectfully Submitted,

*s/ Paul D.. Geiger*
PAUL D. GEIGER

*s/ Mary Ann Pohl*
MARY ANN POHL

MaryAnn Pohl
MARY ANN POHL, P.C.
77 West Washington, Suite 1507
Chicago, Illinois 60602
312-641-2385

Paul D. Geiger
LAW OFFICES OF PAUL D. GEIGER
1412 W. Washington Blvd.
Chicago, Illinois 60607
312-733-7776

CONSENT TO BECOME A PARTY PLAINTIFF
IN A CIVIL ACTION UNDER
THE FAIR LABOR STANDARDS ACT

I am (or was) an employee in the Chicago Police Department. I believe that my rights to proper compensation under the Fair Labor Standards Act (FLSA) may have been violated by my employer. Therefore, I consent to becoming a party plaintiff, pursuant to the FLSA, in a lawsuit against my employer.

I authorize the Law Offices of Paul D. Geiger located at 1412 W. Washington Blvd., Chicago, IL 60607 to represent me as counsel with respect to all claims under the FLSA, and other related laws which I have or may have against my FLSA, and other related laws which I have or may have against my employers. The authorization includes both an investigation of the validity of claims and any resulting litigation concerning such claims. The attorney(s) are authorized to file this consent on my behalf in an appropriate court and to take all steps pertinent thereto to my behalf, including, the filing of complaints, amended complaints, and other pleadings, and the settlement and collection of any and all such claims.

I hereby request that the court assess any costs and expenses of this action and reasonable attorney's fees against my employer, and award said costs, expenses and fees to my above-named counsel.

I understand that under the FLSA, I cannot be discharged or in any way disciplined or penalized by my employer or its agents because of my participation in an FLSA lawsuit or because of my assertion of rights under the FLSA.

Signature: _____

Name (Print): _____Jeffrey Allen_____