UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY ALLEN, individually and on behalf of other similarly situated employees of Chicago Police Department, ) ) ) ) Plaintiff, ) ) v. ) ) CITY OF CHICAGO, ) ) Defendant. ) | Case No. 10 C 3183<br><br>Magistrate Judge Sidney I. Schenkier |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff Jeffrey Allen, a Chicago police sergeant, brings this suit on behalf of himself and a putative class of employees of the Chicago Police Department ("CPD") (collectively, "plaintiffs") against the City of Chicago, alleging that the City violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") by failing to pay plaintiffs all compensation they were due (doc. # 25: Compl. at ¶¶ 1-2).[2] The City has filed a motion to dismiss the complaint for failure to state a claim (doc. # 26: Def.'s Mot. to Dismiss). For the reasons set forth below, defendant's motion to dismiss is denied.

### I.

The material facts alleged in the complaint, which the Court accepts as true for the purpose of this motion, are as follows. Plaintiff alleges that, at various points in the last three years, he and other similarly situated employees of the CPD were issued personal data assistants ("PDAs") or other

---

[1]On December 21, 2010, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1(b), this case was assigned to this Court for all proceedings, including entry of final judgment (docs. ## 35, 38).

[2]"Compl." refers to plaintiff's first amended complaint, which plaintiff was granted leave to file on October 5, 2010 (doc. # 24).

electronic communication devices (Compl. at ¶ 2). Plaintiff further alleges that he and other similarly situated employees were "required to use" those devices to perform work outside of normal working hours without receiving compensation – including overtime compensation (*Id.* at ¶¶ 2, 10).

Plaintiff alleges that CPD work was "routinely and regularly accomplished through the use of these PDAs," and that "[w]ithout these PDAs and the work routinely performed while off-duty, the Chicago Police Department would be far less successful in accomplishing its law enforcement mandate and goals" (Compl. at ¶¶ 17-18). Sergeant Allen alleges that he received numerous telephone calls, e-mails, voice mails, and text message work orders on his PDA while off the clock, and was expected to respond to these communications throughout the night and into the early morning hours while off duty (*Id.* at ¶ 17). However, Sergeant Allen was not compensated for the time he spent doing so (*Id.*).

Under the FLSA, employees of a public agency who are engaged in law enforcement activity earn overtime for working in excess of 171 hours during a 28-day work period (Compl. at ¶ 13). Plaintiff alleges that during the past three years, he and similarly situated CPD employees each worked in excess of 171 hours in at least one 28-day work period and were not paid their full overtime compensation by the City, despite the City's knowledge that they performed work in excess of 171 hours (*Id.* at ¶¶ 14, 16). Furthermore, plaintiff alleges that the City did not keep appropriate records as required by the FLSA to determine wages, hours, and other conditions and practices of employment (*Id.* at ¶ 20). Plaintiff seeks monetary damages in the form of overtime compensation and liquidated damages equal to the class's unpaid compensation and overtime compensation, plus interest, and reasonable attorney's fees, costs, and expenses.

## II.

When analyzing a motion for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), we construe the complaint "in the light most favorable to the plaintiff, accept well-pleaded facts as true, and draw all inferences in the plaintiff's favor." *Estate of Davis v. Wells Fargo Bank*, – F.3d –, No. 10-1549, 2011 WL 93030, at *2 (7th Cir. Jan. 12, 2011). But, that rule of construction does not apply to legal conclusions or "threadbare" or "formulaic" recitals of a cause of action, supported only by conclusory statements. *Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949-50 (2009).

To determine if the allegations are sufficient to state a claim, a reviewing court must determine if they both give the defendant notice of the claim to which it must respond, and make the asserted claim plausible on its face. *Iqbal*, 129 S. Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). After *Twombly* and *Iqbal*, to survive dismissal a plaintiff "must plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *In re marchFIRST Inc.*, 589 F.3d 901, 905 (7th Cir. 2009). However, this does not require a plaintiff to plead "detailed factual allegations." *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). "'[T]he plausibility standard is not akin to a probability requirement'.... [T]he plaintiff must give enough details about the subject-matter of the case to present a story that holds together.... [T]he court will ask itself *could* these things have happened, not *did* they happen." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (quoting in part *Iqbal*, 129 S. Ct. At 1949) (emphasis in original).

3

## III

The FLSA, 29 U.S.C. § 207(k), and the relevant interpretative regulation, 29 C.F.R. § 553.201, provide that employees of a public agency engaged in law enforcement activities earn overtime wages at the rate of one and one-half times the regular rate at which they are employed for hours worked in excess of 171 hours during a 28-day work period. 29 C.F.R. §§ 553.201, 553.230. The FLSA requires that appropriate records be kept sufficient to determine wages, hours, and other conditions and practices of employment. 29 U.S.C. § 211(c). Extra compensation provided by a collective bargaining agreement ("CBA") is "creditable toward overtime compensation payable pursuant to this section" for work in excess of the regular work period, where the rate is not less than one and one-half times the regular rate. 29 U.S.C. §§ 207(h), (e)(7).

The City argues that the complaint should be dismissed because: (1) this is a "special case" that should be decided through the grievance and arbitration provisions of the CBA, and not in a federal lawsuit; and (2) plaintiff has failed to state a claim upon which relief can be granted (Def.'s Mot. at 2). In support of its motion to dismiss, the City has asked the Court to consider certain portions of the CBA between the City of Chicago and the Policemen's Benevolent & Protective Association of Illinois, Unit 156-Sergeants, which was formally adopted into law by the Chicago City Council (doc. # 27: Def.'s Mem., Ex. A (CBA)). Although plaintiff does not refer to the CBA in the amended complaint, he does not dispute that he is bound by the CBA. Indeed, his original complaint referred to the collective bargaining agreements between the CPD and the putative class and noted that the CBA provides for compensation for every hour worked in excess of eight hours per day (doc. # 1: Original Compl. at ¶ 13).

4

Plaintiff nonetheless argues that we should not consider the CBA since he does not mention it in the current version of his complaint, and it has "no bearing on his claim" (doc. # 30: Pl.'s Resp. at 15). Elsewhere in his response, however, plaintiff discusses extensively his interpretation of certain provisions in the CBA as they may bear on his overtime claim (*Id.* at 4-7, 11-12), and he submits his own extrinsic evidence to support that interpretation (*Id.* at 5 and Ex. 1 (Kirchner Aff.)).

In any event, plaintiff's argument that we should not consider the CBA misses a fundamental point. The Chicago City Council has formally adopted the CBA and enacted it into law. As a result, we "may take judicial notice of local ordinances without resorting to summary judgment procedures." *Minch v. City of Chicago*, 486 F.3d 294, 300 n.3 (7th Cir. 2007). The same cannot be said for the extrinsic evidence offered by plaintiff. Thus, we consider the CBA in deciding this motion to dismiss, but not the extrinsic evidence offered by plaintiff.

### A.

We first address the City's argument that plaintiff's claim presents a "special case" that should proceed through the grievance and arbitration process provided in the CBA, and not through a lawsuit in this Court (Def.'s Mem. at 9). The CBA provides a grievance procedure to be applied to disputes between the parties to the agreement regarding the "interpretation and/or application of this Agreement or its provisions" (*Id.*, Ex. A: CBA at § 9.1). The CBA provides for a three-step procedure, starting with an attempt to resolve the grievance with the complainant's commanding officer; then, if that fails, proceeding with the grievance through the sergeants' union (Unit 156-Sergeants); and, finally, the union may submit the grievance to arbitration (*Id.* at § 9.2).

The existence of this grievance and arbitration structure does not operate as a waiver of an employee's right to seek an individual judicial remedy for an alleged FLSA violation. *See Chavez*

*v. Don Stoltzner Mason Contractor, Inc.*, No. 10 C 264, 2010 WL 1417029, at *4 (N.D. Ill. Apr. 5, 2010) ("[A]lthough a CBA may require wage and hour disputes to be resolved through arbitration, an individual employee, simply by virtue of being subject to the CBA, cannot be considered to have waived her right to a judicial forum for enforcing FLSA wage and hour rights"). Indeed, the Seventh Circuit has suggested that a union may never waive the right of an individual member to a judicial remedy. *Jonites v. Exelon Corp.*, 522 F.3d 721, 725 (7th Cir. 2008) ("nor is consent to be represented in collective bargaining realistically the equivalent of consent to the union's waiving a worker's individual statutory rights"). At a minimum, a union cannot do so unless the "union-negotiated waiver of employees' statutory right to a judicial forum" is "explicit." *Jonites*, 522 F.3d at 725 (citing *Wright v. Universal Maritime Serv. Corp.*, 525 U.S. 70, 80 (1998)); *see also 14 Penn Plaza LLC v. Pyett*, – U.S. –, 129 S. Ct. 1456, 1474 (2009) (holding that "[a] collective-bargaining agreement that clearly and unmistakably requires union members to arbitrate ADEA claims is enforceable as a matter of federal law.").

In *Jonites*, the collective bargaining agreement at issue contained language similar to the language in plaintiff's CBA, applying its grievance procedure to "any dispute or difference aris[ing] between the Company and the Union or its members as to the interpretation or application of any of the provisions of this Agreement. . . ." *Jonites*, 522 F.3d at 725. The Seventh Circuit held that this language was *not* an explicit waiver of the right to sue under the FLSA. *Id.* Under this clear precedent, we likewise find that there was no explicit waiver of the right to sue under the FLSA in the CBA at issue here.

In *Jonites*, however, the Seventh Circuit did affirm the grant of summary judgment as to one of the plaintiff's FLSA claims on the ground that it presented a "special case." *Jonites*, 522 F.3d at

725. The plaintiffs in that case had argued that *all* ComEd employees were entitled to overtime pay during their lunch break because *some* employees "may sometimes do some work at lunch." *Id*. The Seventh Circuit considered this claim to be similar to the one pressed by the plaintiffs in *Leahy v. City of Chicago*, 96 F.3d 228, 232 (7th Cir. 1996), who had argued that "since some [police] officers on some days miss all or part of their meal periods" because they are required to work, "all meal periods [are] compensable work." *Jonites*, 522 F.3d at 724. The Seventh Circuit branded these arguments as "preposterous," and the plaintiff classes in those cases as "hopelessly heterogeneous." *Jonites*, 522 F.3d at 725. The Seventh Circuit held that, as was true with the claim in *Leahy*, the lunch break claim in *Jonites* was a "special case" that warranted dismissal of the collective FLSA claim. *Id*. at 726.

In so holding, the *Jonites* court did not say that the plaintiffs only recourse was to pursue grievance claims under the collective bargaining agreement. Rather, the court explained that would be their only recourse "[i]f they are unwilling to file individual suits, or create homogeneous classes in order to bring proper class actions." *Jonites*, 522. F.3d at 726.

The City argues that the instant case is a "special case," because liability could only be assessed after consideration of the CBA and detailed individual factfinding as to the various work assignments of differing ranks of police officers across the CPD (Def.'s Mem. at 10). Plaintiff, however, does not make the similar "preposterous" argument made in *Jonites* and *Leahy* that would warrant treating this as a special case. Although plaintiff broadly seeks to claim in the purported class all non-exempt CPD personnel who worked "off the clock" in the prior three years (Compl. at ¶ 10), the remainder of the complaint specifies that the purported class will consist of individuals who actually worked more than 171 hours during at least one 28-day period in the prior three years

(*Id.* at ¶¶ 14-15). Thus, unlike *Jonites* and *Leahy*, plaintiff does not seek to expand overtime pay to every CPD member who was issued and has used a PDA off the clock, regardless of whether the employee worked in excess of 171 hours in a 28-day period.

That said, we do wonder about the ability to treat on a class basis the broad range of situations in which police personnel may "respond" to messages that are sent to them on PDAs, the extent to which those responses might constitute "work," and the extent to which any work might not be compensable because it is "*de minimis.*"[3] But the current motion does not address the ability of plaintiff to pursue this case as a collective action; instead, the motion addresses plaintiff's right to pursue his claim – whether individually or collectively – in federal court. As *Jonites* makes clear, even if a collective action presents a "special case," because the class is "hopelessly heterogenous," resort to the grievance machinery is not the only recourse. 522 F.3d at 725. Plaintiff may seek to construct a narrower class, or may abandon altogether his collective claims and proceed in federal court solely on his individual claim.

Thus, while *Jonites* may raise questions as to whether this matter ultimately can proceed as a collective action, it does not authorize the dismissal of the complaint.

---

[3] Courts consider three factors in determining whether otherwise compensable time should be considered *de minimis*, and thus not recoverable under the FLSA: (1) the practical administrative difficulty of recording additional time; (2) the aggregate amount of compensable time; and (3) whether the claimants performed the work on a regular basis. *Farmer v DirectSat USA, LLC*, No. 08 C 3962, 2010 WL 3927640, at *11 (N.D. Ill. Oct. 4, 2010); *see also Rutti v. Lojack Corp., Inc.*, 596 F.3d 1046, 1057 (9th Cir. 2010); *Singh v. City of New York*, 524 F.3d 361, 370-71 (2d Cir. 2008). Furthermore, 29 C.F.R. § 785.47 states that, "[i]n recording working time under the Act, insubstantial or insignificant periods of time beyond the scheduled working hours, which cannot as a practical administrative matter be precisely recorded for payroll purposes, may be disregarded." This rule applies to "uncertain and indefinite periods of time [involving] a few seconds or minutes duration." *De Asencio v. Tyson Foods, Inc.*, 500 F.3d 361, 374 (3d Cir. 2007).

## B.

The City also argues that "[p]laintiff's bare bones factual allegations and mere legal conclusions of FLSA violations completely fail to support any plausible claim under the FLSA," and thus that the complaint should be dismissed for failure to state a claim under Rule 12(b)(6) (Def.'s Mem. at 3). The City contends that the complaint falls short because, as a result of certain "premium" compensation provided for in the CBA, plaintiff would have been "fully compensated for any incidental time that [he] may have worked beyond the 171 hour threshold to reply to an email that needed his immediate attention on his Blackberry" (*Id.* at 7).

In particular, the City argues that the CBA provides sergeants with "rank credit" – 45 minutes per day of compensatory time for each day they work a minimum of four hours – that fully compensates any and all overtime that plaintiff allegedly worked using his PDA (Def.'s Mem. at 6-7 and n.4). Under the FLSA, extra compensation paid at a rate of at least one and one-half times the regular rate provided by the CBA is "creditable toward overtime compensation payable" for work in excess of the regular work period. *See* 29 U.S.C. §§ 207(h), (e)(7). We question whether the "rank credit" falls into this category, since the CBA does not state that rank credit is paid on a time and one-half basis rather than on a straight-time basis (Def.'s Mem., Ex. A: CBA at § 20.10).

Nevertheless, we need not resolve this issue at this time. We agree with plaintiff that his claim is neither speculative nor implausible merely because any overtime he might have been entitled to receive under the FLSA might be offset through the rank credit or other "premium" payments under the CBA. A claim is not rendered speculative or implausible merely because it ultimately may fail on the merits. The possibility that plaintiff's claim may fail because of offsets

9

raises matters that can be fleshed out through the normal course of discovery; it does not make the case ripe for dismissal under rule 12(b)(6).[4]

The City also argues that plaintiff failed to allege the amount of time he spent off duty, beyond a *de minimis* amount, responding to PDA communications that required his immediate response (Def.'s Mem. at 4). Whether the amount of time plaintiff worked off the clock is greater than a *de minimis* amount, however, is a matter of the proof of his claim, not a matter of the sufficiency and plausibility of his complaint. We are mindful that some courts have required more detailed allegations as to the type and amount of work that allegedly earned FLSA overtime compensation. *See, e.g., Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628, 630 (S.D.N.Y. 2007). But, we agree with the Eleventh Circuit – the only appeals court to have addressed this pleading question after *Twombly* – that, "[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation . . . and[] failure to keep payroll records in accordance with the Act." *Sec'y of Labor v. Labbe*, No. 08-12120, 319 Fed. Appx. 761, 763 (11th Cir. Nov. 4, 2008).

This approach in *Labbe* is consistent with the Seventh Circuit's interpretation of the plausibility standard set out in *Iqbal*. "[T]he complaint must establish a nonnegligible probability that the claim is valid; but the probability need not be as great as such terms as 'preponderance of the evidence' connote." *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 629 (7th Cir. 2010).

---

[4]The City also cites CBA provisions that provide overtime compensation for a sergeant who works a sixth or seventh consecutive day in a pay period, a guaranteed minimum compensation for being called back to duty, and additional compensation for back-to-back shifts and attending court (Def.'s Mem. at 7). Plaintiff does not plead that his alleged work using the PDA falls into any of these categories. Discovery will reveal what relevance, if any, these potential categories of compensation may have to plaintiff's claims.

Plaintiff has pleaded that he worked in excess of 171 hours in a 28-day work period because he "routinely and regularly" responded to phone calls, e-mails and work orders off the clock, as expected by the CPD. Plaintiff further has alleged that he was not paid for the excess hours worked, and that the City failed to keep appropriate records (*see* Compl. at ¶¶ 16-18). These allegations of FLSA violations are plausible, and they give defendant adequate notice of the claim. Whether plaintiff can prove what he has plead remains to be seen after discovery.

## CONCLUSION

For the foregoing reasons, we deny defendant's motion to dismiss (doc. # 26).

ENTER:

SIDNEY I. SCHENKIER
**United States Magistrate Judge**

**Dated: March 15, 2011**